UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Brandy Surratt, | ) | |
|         Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 08-1228 |
| | ) | |
| Roger Walker, et al, | ) | |
|         Defendant | ) | |

**ORDER**

Now before the Court is the motion by Plaintiff to compel respondent Luke Hartigan to produce subpoenaed documents in unredacted form. The motion [#23] is denied.

Plaintiff claims that she was sexually assaulted by defendant Ronald Robinson, a male correctional officer at Dwight Correctional Center[1], where Plaintiff was incarcerated. Respondent Luke Hartigan is the Chief of Investigations for the Illinois Department of Corrections ("IDOC"). Plaintiff served Hartigan with a subpoena for 2 categories of documents. The first category was investigative files, grievances, reports, log records or lists of inmates who reported sexual assault or harassment by officers or staff between September 10, 2001 through September 10, 2006. The second category was all investigative files concerning Ronald Robinson.

IDOC eventually responded to the second category, but the names of any inmate contained in any of the documents were redacted. According to Plaintiff, no response has been made at all to the first category. The parties attempted to resolve the dispute but were unable to do so. Plaintiff then filed this motion.

With respect to documents in the first category, Respondent asserts that all documents in this category were produced in response to a discovery request that was made to the Defendants. The

---

[1] Robinson is no longer employed by IDOC.

Defendants passed along the request to IDOC, who provided the documents to defense counsel. Defense counsel then passed those documents on to Plaintiff's counsel. Respondent acknowledges that he should have explicitly responded to the subpoena with this information, and he is now ordered to do so. Respondent is to provide within 14 days of this date a written response to the subpoena, identifying those documents responsive to the subpoena that were previously provided in response to the discovery request.

The Court cannot tell from the motion or the response whether Respondent or Defendants redacted inmate names from the documents provided in response to the discovery request. To the extent that they did, the remainder of this Order applies to those documents as well as to the documents in the second category.

Plaintiff first argues that she is entitled to the inmate names because a significant issue in this case is the Defendants' knowledge of the alleged problem of assaults on female inmates by correctional officers. Plaintiff also argues that the names are necessary prior to conducting depositions of individual officers, so that they may be confronted with their prior knowledge and so that their recollection of the history and extent of this risk may be refreshed.

Respondent explains that redaction of inmate names was pursuant to the law enforcement investigatory privilege. This privilege is recognized in both Illinois and federal courts. In re Marriage of Daniels, 607 N.E.2d 1255, 1262 (Ill.App.1992); Dellwood Frams Inc. v. Cargill Inc., 128 F.3d 1122, 1125 (7th Cir. 1997).

This privilege is not absolute. It can be overridden in appropriate cases, where the litigant's need for the information outweighs the government's harm if it is disclosed. Dellwood, 128 F.3d at 1125. There is a strong presumption against lifting it. Id.

A number of factors have been held pertinent to the balancing of relative interests. See, Tuite

v. Henry, 98 F.3d 1411 (C.A.D.C.1996). Those factors pertinent to the case now before this Court include (1) the extent to which disclosure will discourage inmates from providing information; (2) the impact on inmates who have already given information; (3) the degree to which governmental program improvements will be chilled by disclosure; (4) whether any disciplinary proceedings have arisen or may arise from the investigations; (5) the importance of the information sought to the plaintiff's case. See, id. at 1417.

The first four factors clearly weigh against disclosure. Providing the names of inmates who have complained about guards would invite repercussions, or it would at least create in the inmates the fear of such repercussions. To the extent that any of the guards have been disciplined, that fear would be magnified. This fear would necessarily discourage inmates from coming forward. Likewise, improvement of the prison system will not be seen if inmates fear to make complaints about staff misconduct.

Plaintiff's stated need for these documents is not sufficient to outweigh those factors. Adding the names of inmates would at best be only marginally helpful. The reports and files themselves are sufficient to demonstrate the type of individual and institutional knowledge that is needed in this case.

The safety concerns of the inmates is far more significant than Plaintiff's reasons for needing their names. The motion to compel [#23] is therefore denied.

ENTERED ON July 2, 2010

                        s/ John A. Gorman

                    JOHN A. GORMAN
            UNITED STATES MAGISTRATE JUDGE